IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOEY D. KING, JATHAN D. KING, JUNIOR CARTER, GREGORY JOHNSON, GARY ENGLISH, MICHAEL ANTHONY MCDANIEL, TAYLOR RYAN MCDANIEL, and JON MOTSINGER Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSEND TREE SERVICE COMPANY LLC and MICHAEL WILLIAMS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION FILE<br>) NO._____<br>)<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Joey D. King, Jathan D. King, Junior Carter, Gregory Johnson, Gary English, Michael Anthony McDaniel, Taylor Ryan McDaniel and Jon Motsinger, and file this lawsuit against Defendants Townsend Tree Service Company LLC and Michael Williams and show the following:

## Nature of Complaint

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

1

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiffs' employment with Defendants (hereinafter referred to as the "relevant time period").

## Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Townsend Tree Service Company LLC (hereinafter "Townsend") is a foreign corporation duly licensed to do business in the State of Georgia. Defendant Michael Williams (hereinafter "Williams") is an employee of Townsend.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at multiple work locations. In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## Parties

6.

All Plaintiffs were residents of the State of Georgia during the relevant time period.

7.

Defendant Townsend may be served with process by delivering a copy of the summons and complaint to its registered agent, Clayton Carmack, at Moore Ingram Johnson and Steele LLP, 326 Roswell Street, Marietta, Georgia 30060.

8.

Defendant Williams may be served with process by delivering a copy of the summons and complaint to his business address at 1331 Lions Club Road, Madison, Georgia 30650.

## Factual Allegations

9.

Defendant Townsend is one of the largest companies in the country performing tree-trimming services.

10.

Defendant Williams is the Vice President and Regional Manager of Townsend whose responsibilities include management of tree-trimming service crews in the State of Georgia.

11.

All Plaintiffs were employed by Townsend during the relevant time period and assigned to work on tree-trimming crews for Georgia Power, a Townsend client.

12.

Plaintiff Joey D. King worked at Townsend from August 1995 until January 2013.  His final position was as a foreman earning $17.65 per hour.

13.

Plaintiff Jathan D. King worked at Townsend from 2009 until 2012.  His final position was as a groundman earning $11 per hour.

14.

Plaintiff Junior Carter worked at Townsend from August 2009 until 2012.  His final position was as a bucket operator earning $12.75 per hour.

15.

Plaintiff Gregory Johnson worked at Townsend from May 2012 until March 2013.  His final position was as a bucket operator earning $12.75 per hour.

16.

Plaintiff Gary English worked at Townsend from August 2012 until February 2013.  His final position was as a foreman earning $15 per hour.

17.

Plaintiff Michael Anthony McDaniel worked at Townsend from 1983 until August 2012.  His final position was as a foreman earning $17 per hour.

18.

Plaintiff Taylor Ryan McDaniel worked at Townsend from 2009 until August 2012.  His final position was as a bucket operator earning $11.50 per hour.

19.

Plaintiff Jon Motsinger worked at Townsend from 2001 until July 2012.  His final position was as a foreman earning $17 per hour.

20.

All Plaintiffs were scheduled to work on Monday through Thursday from 7:00am until 5:30pm during the relevant time period with a half-hour lunch period each day.  The scheduled work week was 40 hours in length.

21.

All Plaintiffs were required to arrive at their staging point each day by 6:45am and begin preparations for the day's work, including fueling the truck, performing safety checks, purchasing supplies and other work-related activities.  This was to ensure a staging point departure time of 7:00am as mandated by Townsend's client, Georgia Power.

22.

On average, approximately one day per week, all Plaintiffs arrived back at the staging location later than 5:30pm, usually at 5:45pm and sometimes as late as 6:00pm.

23.

None of the Plaintiffs were paid for the additional hours worked from 6:45am until 7:00am or 5:30pm until 5:45pm or 6:00pm.

24.

All Plaintiffs were entitled to be paid their hourly rate times one and one-half for these additional hours over 40 each week.

25.

All Plaintiffs were instructed to list their time worked as 7:00am-5:30pm on their timecards and sign the timecards each week.

26.

Defendant Williams had discretion over Plaintiffs' working hours, employment status, and overtime compensation.

27.

Defendant Williams acts both directly and indirectly in the interest of Townsend and was in a supervisory position over Plaintiffs.

28.

Townsend is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

29.

Defendant Williams is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

30.

Defendants are governed by and subject to FLSA § 7, 29 U.S.C. §§ 204, 207.

31.

At all times relevant, Defendant Townsend has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et. seq.

32.

At all times relevant, Defendant Townsend has employed and continues to employ, employees, including Plaintiffs, who engage or engaged in commerce or in the production of goods for commerce.

33.

At all times relevant, upon information and belief, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.00.

34.

The overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiffs.

35.

Plaintiffs have consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

36.

Plaintiffs and the FLSA Collective they seek to represent allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendant Townsend on tree-trimming crews in Georgia during the past three years, who have not been compensated one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

**Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.**

37.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiffs worked in excess of forty (40) hours in a workweek.

38.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Prayer for Relief

**WHEREFORE**, Plaintiffs and the FLSA Collective respectfully request that this Court:

(A) Grant Plaintiffs and the FLSA Collective a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiffs and the FLSA Collective unpaid overtime wages pursuant to the FLSA § 7; 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiffs' rights and the rights of the FLSA Collective have been violated; and

(D) Award Plaintiffs and the FLSA Collective such further and additional relief as may be just and appropriate.

Respectfully submitted this 8th day of April, 2013.

                                           **THE SHARMAN LAW FIRM LLC**

                                           /s/ Paul J. Sharman
                                           PAUL J. SHARMAN
                                           Georgia State Bar No. 227207

                                           The Sharman Law Firm LLC
                                           11175 Cicero Drive, Suite 100
                                           Alpharetta, GA 30022
                                           Phone: (678) 242-5297
                                           Fax: (678) 802-2129
                                           Email: paul@sharman-law.com

                                           Counsel for Plaintiffs