## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JOEY D. KING, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 1:13-CV-01138-AT |
| TOWNSEND TREE SERVICE | ) | |
| COMPANY LLC AND MICHAEL | ) | |
| WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs Joey D. King, Jathan D. King, Junior Carter, Gregory Johnson, Gary English, Michael Anthony McDaniel, Taylor Ryan McDaniel, Jon Motsinger, and Defendants Townsend Tree Service Company LLC and Michael Williams, (collectively "the Parties"), jointly notify the Court that the Parties have resolved this action and all claims raised herein and hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to FED. R. CIV. P. 41(a).

The Parties also jointly move the Court for entry of an Order approving the Parties' settlement and dismissal of the claims raised in this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA" or the "Act"). To facilitate the Court's review of the Parties' settlement agreement and to preserve its

confidentiality, the Parties respectfully request the Court's permission to submit the settlement agreement for *in camera* inspection, or, in the alternative, permission to file the settlement agreement under seal.

## I.   <u>BACKGROUND</u>

This case involved claims for alleged unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  Plaintiffs filed this action on April 8, 2013.  Defendants filed their Answer on August 5, 2013. Thereafter, the Parties engaged in settlement negotiations.  The Parties have reached a settlement of all claims and now seek the Court's approval, as set forth below.

## II.   <u>LEGAL PRINCIPLES</u>

There are two ways in which claims under the FLSA can be settled and released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the

fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct.

925, 928 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961

(5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA

settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by
> employees under the FLSA for back wages because initiation of the
> action by the employees provides some assurance of an adversarial
> context.  The employees are likely to be represented by an attorney
> who can protect their rights under the statute.  Thus, when the parties
> submit a settlement to the court for approval, the settlement is more
> likely to reflect a reasonable compromise of disputed issues than a
> mere waiver of statutory rights brought by an employer's
> overreaching.  If a settlement in an employee FLSA suit does reflect a
> reasonable compromise over issues, such as FLSA coverage or
> computation of back wages that are actually in dispute, we allow the
> district court to approve the settlement in order to promote the policy
> of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court

may approve the Parties' settlement to resolve and release the Plaintiffs' FLSA

claims against Defendants.  The proposed settlement arises out of an action brought

by the Plaintiffs against their employer, which was adversarial in nature.  During the

litigation and settlement of this action, Plaintiffs were represented by experienced

counsel.

The Parties' settlement of these claims is the result of a bona fide compromise between them on a variety of disputes of law and fact. The Parties stipulate that they are resolving the matter in order to avoid the cost and time of litigation, as well as the risks associated with continued litigation. The Parties each conducted a significant investigation and undertook detailed legal and factual analyses of the claims and defenses. The complexity of the legal and factual issues in this case would have caused large and undue expenses for both Parties as preparing for this case for trial or dispositive motions would have required numerous declarations, depositions, witness preparation, and other time-consuming tasks.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Counsel for both Parties agree that, in their respective opinions, the settlement was fair and reasonable under the circumstances. The Parties attest to the fairness and reasonableness of their amicable settlement, and request that the Court approve the settlement and dismiss the action with prejudice. Paragraphs 2(a) through 2(b) of the confidential settlement agreements executed in August 2013, set forth the specific monetary consideration provided to Plaintiffs to resolve their

claims.  The Parties agree and hereby stipulate that Plaintiffs have received all wages owed to them by Defendants.

The Parties intend this settlement to represent a final resolution of all claims actually raised in this action or that could have been raised by Plaintiffs, and it is the Parties' intention to permanently terminate this action.  The Parties have further agreed that, other than the payments in the settlement agreement, each party is responsible for their own attorneys' fees and costs associated with this action.

As a material element of their settlement, the Parties have agreed to certain confidentiality and non-disclosure provisions.  Such provisions have facilitated a prompt and reasonable resolution of this dispute.  However, filing the Parties' settlement agreements on the public record would violate the Parties' respective confidentiality obligations.  For this reason, the Parties respectfully request that the Court permit the Parties to submit the settlement agreements to the Court for *in camera* inspection or, alternatively, to file the settlement agreements under seal.

## III.   CONCLUSION

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action with prejudice. The Parties respectfully request permission to submit their settlement agreement for inspection *in camera*.  Alternatively, the Parties respectfully request permission to file the settlement agreement under seal so as to preserve the confidentiality of the

5

agreement.   For the Court's convenience, a proposed Order is attached hereto as

Exhibit A.

Respectfully submitted this 19th day of September 2013.

/s/ Paul J. Sharman
Paul J. Sharman
Georgia Bar No. 227207
The Sharman Law Firm LLC
11175 Cicero Drive
Suite 100
Alpharetta, Georgia 30022
Telephone: (678) 242-5297
Facsimile: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiffs

/s/ Michael Oliver Eckard
Beth A. Moeller
GA Bar No. 100158
Michael Oliver Eckard
GA Bar No. 238550
OGLETREE, DEAKINS, NASH, SMOAK
    & STEWART, P.C.
191 Peachtree Street, NE
Suite 4800
Atlanta, Georgia 30303
Telephone:  404.881.1300
Fax:  404.870.1732
Email: beth.moeller@odnss.com
Email: michael.eckard@odnss.com

Attorneys for Defendants Townsend Tree
Service Company LLC and Michael
Williams

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JOEY D. KING, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )   CIVIL ACTION |
| TOWNSEND TREE SERVICE | )   NO. 1:13-CV-01138-AT |
| COMPANY LLC AND MICHAEL | ) |
| WILLIAMS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following counsel of record:

Paul J. Sharman, Esq.
The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, Georgia 30022

paul@sharman-law.com

This 19th day of September 2013.

/s/ Michael Oliver Eckard
Michael Oliver Eckard
Counsel for Defendants

9890614.1 (OGLETREE)

7